THE APARTMENT CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42024. Promulgated August 17, 1932.

*Theodore B. Benson, Esq.*, for the petitioner.
*J. M. Leinenkugel, Esq.*, and *T. G. Histon, Esq.*, for the respondent.

850

GOODRICH: This proceeding involves the redetermination of a deficiency in income tax for the year 1926 of $4,442.73 (only a part of which is in controversy), resulting largely from respondent's disallowance of a loss of $27,983.67 claimed by petitioner to have been sustained upon the liquidation of its subsidiary either as advances made to it and unrepaid, which petitioner charged off as a loss as of December 31, 1926, or as a loss upon investment in stock of its subsidiary. Respondent contends that, because petitioner and the subsidiary were affiliated, any advances made to the latter, or investment in stock of the subsidiary, must be regarded as an intercompany transaction from which no loss to petitioner may be recognized upon liquidation of the subsidiary. A stipulation of some length was received, which we adopt as our findings of fact, together with the additional finding, based upon testimony, that the liquidation of University Homes Company and the surrender for cancellation of the ·stock of that company owned by petitioner both occurred on December 31, 1926. For the purposes of this report, the following summary of facts is sufficient.

Beginning in 1920, and from time to time prior to December 31, 1926, petitioner, a Maryland corporation having its principal office in Baltimore, made advances on notes and open accounts in various amounts to University Homes Company, also a Maryland corporation. On December 31, 1926, the balance due on such advances was $70,282.91. In 1921, it being apparent that the University Company could not meet its obligations, the individual owners of its outstanding stock surrendered the same to the company, which then reissued it to petitioner, which at the same time assumed the obligations of the University Company. Thereafter, these corporations were affiliated and filed consolidated returns upon which were included the net losses sustained by the University Company in all years except 1926, when it had income which was likewise included. In April, 1926, University Homes Company disposed of its last parcel of real estate and its assets thereafter consisted only of mortgages receivable and cash. On December 31, 1926, University Company being unable to repay to petitioner the balance due it on advances made, turned over to petitioner all its assets, totaling $42,299.24, which was $27,983.67 less than the amount due and is the loss claimed by petitioner. On the same day the outstanding stock of the University Company, all of which was held by petitioner, was surrendered for cancellation. Thereafter, the University Company engaged in no business and presently, for failure to pay license taxes, was dissolved by proclamation, as provided by the laws of Maryland. The loss claimed was charged off upon its records by petitioner on

December 31, 1926, as a debt ascertained to be worthless and uncollectible.

The fact that petitioner sustained a loss in the amount of $27,983.67 from its dealings with University Homes Company is not in dispute. The issue is, May that loss be deducted from its gross income, and, if so, when? Respondent bottoms his position upon the decision in *Utica Knitting Co.* v. *United States*, 68 Ct. Cls. 77; certiorari denied, 281 U. S. 739. But that case may be distinguished upon its facts from the case at bar. There, the subsidiary did not liquidate and, although it ceased its manufacturing operations, it continued in existence and in business for the purpose of collecting its accounts and winding up its affairs, while the parent company continued to hold its stock. Here, the subsidiary was liquidated completely and the parent company at the same time surrendered its stock. That the subsidiary thereafter existed resulted from the apparent choice of its directors to permit the corporation's charter to be nullified by operation of law rather than to dissolve it in the usual manner, but during the period intervening between its liquidation and its legal dissolution it transacted no business.

In our opinion, the loss sustained by petitioner is deductible from its gross income in 1926. The affiliation theretofore existing between these corporations was terminated on December 31 of that year by the liquidation of the subsidiary, as well as by the surrender of the stock; petitioner's claims in excess of the amount received upon liquidation were then ascertained to be worthless and were charged off as a loss, and, since the loss resulted from the liquidation, it occurred outside the period of affiliation and was not sustained in an intercompany transaction. *Carey Salt Co. et al.*, 26 B. T. A. 675, and cases there cited.

It matters not whether the loss be regarded as one resulting from a bad debt or as one sustained upon an investment. If as the first, the loss is deductible, since it is the difference between the amounts advanced and the amounts received in repayment, and that difference was determined to be uncollectible and was charged off as by statute required. If regarded as a loss from investment, the amount claimed is the difference between the total capital expenditures made in purchase of the stock and the amounts received thereon upon its surrender and the liquidation of the company. In either case, such a loss, sustained under the circumstances here obtaining, is a proper deduction from gross income under the statute.

Since the entire deficiency does not result from respondent's disallowance of the loss claimed,

*Judgment will be entered under Rule 50.*